## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-21-177-G** |
| | ) | |
| **CHRISTOPHER SCOTT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court is Defendant Christopher Scott's pro se Motion for Early Termination of Supervised Release (Doc. No. 4). The Government has filed a Response (Doc. No. 7), and the matter is now at issue.

*I. Background*

In 1993, in the United States District Court for the District of Nebraska, Defendant was sentenced to life imprisonment for engaging in a continuing criminal enterprise and money laundering. *See* Doc. No. 3, at 4, 48. On April 5, 2021, Defendant's motion to reduce his sentence under Section 404 of the First Step Act was granted by that Court. *See id.* at 44-47. Based on revised sentencing guidelines, Defendant's prison sentence was reduced from life to time served. *See id.* at 46-47.

Upon his release from imprisonment, Defendant was ordered to be on supervised release for a term of three years, from April 6, 2021, to April 5, 2024. *See id.* at 50; Doc. 1, at 1. On July 6, 2021, the jurisdiction over Defendant for purposes of supervised release

was transferred to this Court.  *See* Doc. No. 1, at 1; 18 U.S.C. § 3605.

## II.  *Defendant's Motion*

Defendant now seeks early termination of his supervised release after completing the majority of its three-year term.  In support of his request, Defendant highlights his continued employment, his desire to relocate to California for job opportunities, and his compliance with the terms of supervised release.  *See* Def.'s Mot. at 2.  Defendant also represents that his assigned probation officer "has stated that he would not oppose early termination."  *Id.*

Defendant has also filed a Motion to Amend (Doc. No. 8), which represents that his co-defendant's request for discharge for supervised release was granted by the sentencing court.

## III. *Discussion*

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may, after considering certain statutory factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *see also* Fed. R. Crim. P. 32.1(d).

Although a hearing is required pursuant to Federal Rule of Criminal Procedure 32.1 before the Court may modify a term of supervised release, "the Court need not conduct a hearing if, upon consideration of the record, the Court determines that a requested modification will not be approved."  *United States v. Thinh Quoc Kieu*, No. CR-02-177-D,

2012 WL 2087387, at *1 (W.D. Okla. June 8, 2012); *see* Fed. R. Crim. P. 32.1(c)(1).

The Government opposes Defendant's request, arguing that supervision remains "a valuable and justified part of his sentence and should be continued."  Gov't Resp. at 3. The Government further asserts that Defendant's request should be denied because of the serious nature of his offenses and the "minimal inconvenience" imposed by his supervised release conditions.  *Id.*

As this Court has noted, "supervised release is part of the penalty for [Defendant's] offense."  *Thinh Quoc Kieu*, 2012 WL 2087387, at *2 (citing *United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir. 2006)).  "One of its purposes is to provide rehabilitation and oversight of the offender to deter their return to crime."  *Id.* (internal quotation marks omitted).  Defendant's compliance with the terms of his supervised release "does not, without more, warrant early termination because compliance with the terms is what is expected."  *Id.* (internal quotation marks omitted); *accord United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (explaining that a defendant's compliance with conditions "cannot alone be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule").

While commendable, the Court does not find that Defendant's post-incarceration conduct and circumstances warrant termination of his term of supervised release.  It therefore is not in "the interest of justice" to discharge and release Defendant at this time. 18 U.S.C. § 3583(e)(1).

## CONCLUSION

As provided herein, Defendant's Motion for Early Termination of Supervised

Release (Doc. No. 4) is DENIED without prejudice.  Defendant's Motion to Amend (Doc.

No. 8) is GRANTED.

IT IS SO ORDERED this 27th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge